UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID J. PACY,
Individually and as Parent and Natural
Guardian of Kimberly M. Pacy, an infant,

          Plaintiff,

      v.

COWEN HOLDINGS, INC. ,
Individually and as Successor in interest to
Unimac Company, Inc., doing business as
UNIMAC COMPANY, INC., ET AL.,

          Defendants.

**DECISION AND ORDER**
12-CV-817-A

---

    This personal injury action is before the Court on a motion by the plaintiff, David J. Pacy, Individually and as Parent and Natural Guardian of Kimberly M. Pacy, an infant, to remand the action to the state court pursuant to 28 U.S.C. § 1447. Plaintiff Pacy contends that the action must be remanded because not all defendants have consented to removal from state court.

    Defendant Alliance Laundry Holdings, LLC (Alliance"),[1] the party filing the Notice of Removal, opposes plaintiff Pacy's motion to remand the action to state court. Defendant Alliance contends that the consent of some defendants, including Becker Distributing Co., Inc., John G. Becker and Shirley M. Becker, who were

---

[1] References to Alliance Laundry Holdings, LLC, are to this defendant more fully identified in the caption of the case as f/k/a Raytheon Commercial Laundry, LLC, Alliance Laundry Systems, LLC and Raytheon Commercial Laundry, LLC.

apparently served with process more than 30 days before the Notice of Removal was filed, is not required. It contends that because these defendants have not yet responded to the Complaint pursuant to a general adjournment of the due date of their responsive pleadings granted to them by plaintiff, they need not consent to removal until their responsive pleadings are filed.

The Court has deemed plaintiff Pacy's motion to remand submitted without oral argument pursuant to Rule 78(b) of the Federal Rules Civil Procedure. The Court carefully considered all of the arguments raised by the parties and concluded that oral argument was unnecessary. For the reasons that follow, the motion to remand is granted and the case is remanded to state court.

## DISCUSSION

Changes in removal law and procedure effective January 6, 2012 made by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758 (Dec. 7, 2011) (the "JVCA") include an amendment to 28 U.S.C. § 1446(b)(2)(A) specifically providing that:

> [A]ll defendants who have been properly joined and served must join in or consent to the removal of the action.

*Id.* This provision codifies the so-called unanimity rule. All defendants that have properly been served, and are properly joined as parties, must consent to removal in a removal petition filed pursuant to 28 U.S.C. § 1441(a) or otherwise file evidence of their consent to the removal. *See e.g., Penson Financial Services, Inc., v. Golden Summit Investors, Ltd.,* 2012 WL 2680667 (N.D.Tex. July 5, 2012); *Boykin v.*

2

*MERS/MERSCORP,* 2012 WL 1964495 (D.N.J. May 31, 2012). It also means that a party not properly served need not consent to removal until having been properly served. *See e.g., Moore v. City of Philadelphia,* 2012 WL 3731818 (E.D. Pa. August 29, 2012); *O'Connell v. JP Morgan Chase Bank, N.A.,* 2012 WL 1739711 (D. Nev. May 11, 2012).

The purpose of the JVCA was to "bring[] more clarity to the operation of Federal jurisdictional statutes and facilitate[] the identification of the appropriate State or Federal Court where actions should be brought." *Report of the House Judiciary Committee,* H.R. Rep. No. 112-10, 112th Cong., 2d Sess., pp. 1-2 (2011). The JVCA was developed, in part, based upon recommendations from the United States Judicial Conference. *Id.* at 2. It is consistent with recent statements of the United States Supreme Court and the Second Circuit Court of Appeals expressing preferences for bright-line rules to minimize waste and gamesmanship during remand litigation. *See, Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1193 (2010); *Moltner v. Starbucks,* 624 F.3d 34, 38 (2d Cir. 2010). This action was commenced after the January 6, 2012 effective date of the JVCA and is subject to its terms.

Plaintiff Pacy moves to remand this action to state court for lack of unanimous consent. Plaintiff contends the removal petition filed by defendant Alliance, although it is joined by co-defendant Raytheon Company, is defective because defendants Cowen Holdings, Inc., and some of its alleged affiliates, along with defendants Becker Distributing Co., Inc., John G. Becker and Shirley M. Becker, have not timely consented to removal. Defendants Becker Distributing Co., Inc., John G. Becker

3

and Shirley M. Becker, have received general adjournments from the plaintiff in the state court litigation of their time to file pleadings responding to the Complaint. There is a pending motion to contest the validity of service of process upon Cowen Holdings, Inc.

Defendant Alliance seeks to excuse the lack of unanimous consent to removal by pointing out that defendants Becker Distributing Co., Inc., John G. Becker and Shirley M. Becker, have not filed responsive pleadings and that the identity of their counsel was unknown to counsel for defendant Alliance within the strictly-enforced 30-day time limit for filing a removal petition. Defendant Alliance does not contend that service of process upon these defendants, as evidenced by affidavits of service in the docket, was invalid under applicable law. Defendant Alliance does not contend that these defendants were improperly joined as parties.

It is well-settled that statutory authority for removal must be strictly construed. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002). The burden of establishing that an action is properly removed from state court on the ground that it is within a federal court's original jurisdiction rests upon the party seeking removal. See Hertz Corp. v. Friend, 130 S.Ct. 1181, 1194-95 (2010)(diversity jurisdiction). These general principles are unchanged by the JVCA. Defendant Alliance, as the removing party, bears the burden to demonstrate unanimous consent to removal by all parties served. *See* 28 U.S.C. § 1446(b)(2).

According to affidavits of service in the docket, defendants Becker Distributing Co., Inc., John G. Becker and Shirley M. Becker were all served well over 30 days

4

prior to the filing of the Notice of Removal by defendant Alliance. Defendant Alliance has not questioned the validity of service of process upon these defendants. It has not suggested they were improperly joined. To remove the case to this Court, defendant Alliance needed their explicit consent. 28 U.S.C. § 1446(b)(2). Because they have not explicitly consented, the Court finds removal defective for lack of unanimity.

Prior to the effective date of the JVCA, the 30-day time frame for filing a petition for removal that would run from the service of process was also the time frame for the filing of all defendants' consents to removal. See e.g., Payne v. Overhead Door Corp., 172 F.Supp.2d 475 (S.D.N.Y. 2001); Burr ex rel Burr v. Toyota Motor Credit Co., 478 F.Supp.2d 432, 439 (S.D.N.Y. 2006). The 30-day time frame was strictly enforced. Payne, 172 F.Supp.2d at 477-78. The strict rule is consistent with the policy of resolving any doubt about the propriety of removal from state court in favor of the plaintiff's choice of the state forum. This time frame continues to apply. Because uncontested affidavits of service in the docket are *prima facie* evidence defendants Becker Distributing Co., Inc., John G. Becker and Shirley M. Becker were served well over 30 days prior to the filing of the Notice of Removal by defendant Alliance, and because no form of consent to removal has been filed by them, Alliance has failed to carry its burden to show unanimous consent to removal. The removal was defective and plaintiff Pacy's motion to remand is granted.

**CONCLUSION**

For the reasons stated above, the Court finds that the Notice of Removal is defective because of a lack of unanimous consent of defendants as required by 28 U.S.C. § 1446(b)(2)(A). Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall remand the case to New York State Supreme Court, Chautauqua County. The Clerk shall mail a certified copy of this Decision and Order to the clerk of the state court. The Clerk of Court shall take all steps necessary to close the case here.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 25, 2012